UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| NICHOLAS W., <br><br> Plaintiff, <br><br> v. <br><br> MARTIN O'MALLEY, Commissioner of Social Security Administration, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT (DOC. NO. 22)** <br><br> Case No. 2:23-cv-00120 <br><br> Magistrate Judge Daphne A. Oberg |

Plaintiff Nicholas W.[1] filed a motion for an award of attorney fees pursuant to the Equal Access to Justice Act[2] (EAJA), seeking $9,360.85 in attorney fees.[3] The time to file a response has lapsed and no response has been filed. Where the Commissioner does not object to the requested fees and costs, the motion is granted.

Mr. W. is awarded $9,360.85 in attorney fees pursuant to the EAJA. Payment of this amount shall constitute a complete release from and bar to any and all claims Mr. W. may have relating to EAJA fees in connection with this action. The EAJA fees are awarded without

---

[1] Pursuant to best practices in the District of Utah addressing privacy concerns in certain cases, including social security cases, the plaintiff is referred to by his first name and last initial only.

[2] 28 U.S.C. § 2412(d).

[3] ("Mot.," Doc. No. 22.)

prejudice to Mr. W.'s attorney's right to seek attorney fees pursuant to section 206(b) of the Social Security Act,[4] subject to the offset provisions of the EAJA.[5]

Under *Astrue v. Ratliff*,[6] an EAJA fee award belongs to the plaintiff, and is subject to offset under the Treasury Offset Program.[7] Thus, the EAJA fees must be paid to Mr. W. However, if, upon effectuation of this EAJA fee order, the Commissioner (1) determines Mr. W. does not owe a debt subject to offset under the Treasury Offset Program, and (2) agrees to waive the requirements of the Anti-Assignment Act,[8] the fees will be payable to Mr. W.'s attorney. If Mr. W. owes a debt under the Treasury Offset Program, the Commissioner cannot agree to waive the requirements of the Anti-Assignment Act. In such case, the EAJA fees remaining after offset will be paid by a check made out to Mr. W. but delivered to Mr. W.'s attorney.

If Mr. W.'s counsel ultimately receives an award of attorney fees pursuant to 42 U.S.C. § 406(b), counsel must refund the smaller award to Mr. W. pursuant to *Weakley v. Bowen*.[9]

---

[4] 42 U.S.C. § 406(b).

[5] *See* 28 U.S.C. § 2412(c)(1).

[6] 560 U.S. 586, 595–98 (2010).

[7] *See* 31 U.S.C. § 3716(c)(3).

[8] 31 U.S.C. § 3727.

[9] 803 F.2d 575, 580 (10th Cir. 1986).

CONCLUSION

The motion[10] is GRANTED.  Subject to the conditions detailed above, Mr. W. is awarded $9,360.85 in attorney fees pursuant to the EAJA.

DATED this 11th day of January, 2024.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

[10] (Doc. No. 22.)